# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ARNOLD B. CURTIS<br>    PRISONER NO. 1409083<br>VS. | CIVIL ACTION NO. 09-1442<br>SECTION P<br>CHIEF JUDGE JAMES |
| SHERIFF TONEY, ET AL. | MAGISTRATE JUDGE HAYES |

## ORDER

*Pro se* plaintiff Arnold B. Curtis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 10, 2009. Plaintiff is either a detainee or an inmate in the custody of the Ouachita Parish Sheriff. He is incarcerated at the Ouachita Corrections Center (OCC), Monroe, Louisiana. Plaintiff complains that he has been denied prompt and adequate medical care for injuries he sustained on September 21, 2008, when he was assaulted by a fellow inmate. He has sued Ouachita Parish Sheriff Royce Toney, OCC Warden Brian Newcomer, and the OCC "Medical Department." He prays for "oral surgery" and for compensatory and punitive damages in an unspecified amount.

Plaintiff's complaint remains on initial review pursuant to 28 U.S.C. §§1915, 1915A, and 42 U.S.C. §1997e; however, when he filed his complaint, plaintiff also filed a Motion for Temporary Restraining Order (TRO) and a Motion to Appoint Counsel. [rec. docs. 3 and 4] The complaint and associated motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

Plaintiff is a detainee awaiting trial, or an inmate in the custody of the Ouachita Parish

Sheriff; he is incarcerated at the OCC. On September 21, 2008, he got into a verbal argument with inmate Cedric Anderson. That argument escalated into a physical confrontation. A corrections officer attempted to break up the fight and as he was separating the combatants, Anderson struck plaintiff in the jaw.

Plaintiff was taken to E.A. Conway Hospital in Monroe where he was x-rayed, treated, and released back to the prison. The medical professionals at E.A. Conway apparently found nothing wrong with plaintiff. On some later date plaintiff was examined by a dentist because he was experiencing "discomfort with [his] jaw, gums, and teeth." According to the plaintiff, the dentist opined that one of plaintiff's teeth was "disfigured" and that was the cause of his discomfort. The dentist prescribed pain medication.

On October 1, 2008, plaintiff's assailant was allowed to return to his trusty job. Plaintiff submitted administrative remedies procedure (ARP) grievances claiming "favoritism" and asking for reinstatement of his trusty status but to no avail.

On October 7, 2008, plaintiff was examined by a physician at the L.S.U. Medical Center, who recommended that plaintiff be examined by an oral surgeon. Plaintiff's examination was scheduled for January 7, 2009; however, his file was misplaced so his appointment was canceled. According to plaintiff he has still not been examined by an oral surgeon; his jaw has "healed itself" and he has been "living with discomfort" since the date of the incident.

Plaintiff has requested a TRO restraining the defendants "... from denying [him] oral healthcare by delaying to get [his] jaw, mouth fixed..." [rec. doc. 3] He also requests appointment of counsel. [rec. doc. 4]

*Law and Analysis*

*1. Temporary Restraining Order [rec. doc. 3]*

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury. By his own admission, his condition merely causes him to live with "discomfort." Further, plaintiff has not shown a substantial likelihood of success on the merits. He claims that a dentist "... wrote a request for [him] to see an oral surgeon..." However, he has not established that his condition would improve by virtue of such an examination. Further, a careful reading of the pleadings and associated grievances strongly suggests that plaintiff is more concerned about returning to his trusty position. In addition, initial examination by medical professionals revealed no serious problems.

Finally, the relief plaintiff seeks through this request for injunctive relief is too amorphous and non-specific. He seeks an order restraining the defendants "... from denying [him] oral health care [b]y denying to get [his] jaw, mouth fixed..." An injunction so broadly worded would have an adverse effect on the public interest.

### *2. Request for Appointment of Counsel*

Plaintiff's request for appointment of counsel fares no better. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.

"Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. See *Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from

trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein. Plaintiff has first hand knowledge of the facts which form the basis of this action and he is capable of articulating those facts. Contrary to his assertions, plaintiff's claims are not necessarily atypical of those often asserted in civil rights litigation and are not complex. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf. He has shown that he contacted one attorney and was rejected; however, he has not demonstrated any further effort to obtain representation.

Accordingly, plaintiff's request for appointment of counsel should be denied at this time as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

### *3. Conclusion and Order*.

Therefore, Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order [rec. doc. 3] is **DENIED**; and,

Plaintiff's Motion for Appointment of Counsel [rec. doc. 4] is likewise **DENIED.**

In Chambers, Monroe, Louisiana, September 21, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE